UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM LAMB,

    Plaintiff,

v.

                          Case No. 10-14645

                          Honorable Patrick J. Duggan

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on May 3, 2012.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                   U.S. DISTRICT COURT JUDGE

William Lamb ("Plaintiff") filed this suit pursuant to 42 U.S.C. § 405(g), challenging the decision of Defendant Commissioner of Social Security ("Commissioner") denying his application for Disability Insurance Benefits and Supplemental Security Income. Plaintiff and the Commissioner filed motions for summary judgment, and the Court referred these motions to Magistrate Judge Laurie J. Michelson pursuant to 28 U.S.C. § 636(b)(1)(B). On December 1, 2011, Magistrate Judge Michelson issued a Report and Recommendation ("R&R") in which she concluded that the Commissioner's decision was not supported by substantial evidence. Magistrate Judge Michelson recommended that the Court reverse the Commissioner's decision and remand for further proceedings pursuant to sentence four of

42 U.S.C. § 405(g).  No objections to the R&R were filed.  The Court reviewed the R&R and concurred with Magistrate Judge Michelson's conclusions.  The Court accordingly entered a judgment reversing the Commissioner's decision and remanding for further proceedings pursuant to sentence four.

This matter is now before the Court on Plaintiff's motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  The statute provides in pertinent part:

> [A] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

*Id.*  A plaintiff who has obtained a remand pursuant to sentence four of 42 U.S.C. § 405(g) is considered a "prevailing party" for purposes of the EAJA.  *Shalala v. Schaefer*, 509 U.S. 292, 301-02, 113 S. Ct. 2625, 2631-32 (1993).  The only dispute between the parties is whether the government's position was "substantially justified" so as to preclude an award of attorney's fees.  "'Substantially justified' means 'justified in substance or in the main - that is, justified to a degree that could satisfy a reasonable person.'"  *Marshall v. Comm'r of Soc. Sec.*, 444 F.3d 837, 842 (6th Cir. 2006) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S. Ct. 2541, 2550 (1988)).

Plaintiff reasons that because the Court concluded that the Commissioner's decision was not supported by substantial evidence, the government's position could not have been "substantially justified."  The Sixth Circuit has rejected this logic: "The fact that this court

2

finds a decision of the Secretary not supported by substantial evidence is not equivalent to a finding that the position of the United States was not substantially justified." *Couch v. Sec'y of Health & Human Servs.*, 749 F.2d 359, 360 (6th Cir. 1985) (per curiam); *see also Jankovich v. Bowen*, 868 F.2d 867, 869-70 (6th Cir. 1989) (per curiam) ("[A] review of the record shows that while the Secretary's position was not supported by substantial evidence, it was grounded in a reasonable belief in fact and law that [the plaintiff] is not disabled.").

If the relevant legal authorities are inconsistent, this certainly weighs in favor of a finding that the government's litigation position is "substantially justified." *See Elfelt v. United States*, 149 F. App'x 402, 410-11 (6th Cir. 2005) (the government's position was substantially justified where there were conflicting authorities on the issue); *United States v. Winchester Mun. Utils.*, 944 F.2d 301, 306 (6th Cir. 1991) ("We are not prepared to say that a considered legal interpretation adopted by one of our sister circuits is so far beyond the pale that it cannot even be considered 'substantially justified.'"). The Court believes that this case involved conflicting legal authorities. Magistrate Judge Michelson's R&R examined case law addressing whether limitations such as "simple," "routine," or "unskilled" work sufficiently account for a claimant's moderate deficiencies in concentration, persistence, or pace ("CPP"). R&R 23-31. Noting that courts in the Eastern District of Michigan have reached opposite conclusions with respect to this question, Magistrate Judge Michelson concluded that the authorities were "somewhat difficult to reconcile." R&R 31. Magistrate Judge Michelson ultimately concluded:

> [I]f a distinction between Plaintiff's and the Commissioner's cases must be

3

>drawn, it may simply be that under *Brown* and *Edwards*, and more certainly *Benton*, once an ALJ has made a moderate CPP finding, there must be very strong evidence of insignificant CPP problems before non-CPP-specific terms like "unskilled" are deemed to accurately portray the claimant. Otherwise, under those cases, it is inconsistent for the ALJ to find moderate CPP difficulties on the one hand yet fail to adequately account for them in the hypothetical on the other.

R&R 32. Magistrate Judge Michelson found that the evidence of CPP deficiencies in this case was stronger than it was in the cases relied upon by the Commissioner. R&R 32-33. Magistrate Judge Michelson therefore concluded that the ALJ's hypothetical question to the vocational expert was inadequate. The Court agreed with the R&R's analysis.

The Court finds that the relevant authorities are not so clear that the government's argument was unreasonable. Although the Court granted judgment in favor of Plaintiff, the government's position was "substantially justified" within the meaning of the EAJA.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for attorney's fees is **DENIED**.

                                              s/PATRICK J. DUGGAN
                                              UNITED STATES DISTRICT JUDGE

Copies to:

Norton J. Cohen, Esq.
Laura A. Sagolla, A.U.S.A.